## Harlan Wallins Coal Corporation v. Knuckles.

(Decided November 9, 1928.)

### Appeal from Harlan Circuit Court.

1. Master and Servant.—Under Ky. Stats., sec. 4935, authorizing circuit court to review award of Workmen's Compensation Board, petition by employee for review merely charging that evidence of employer was very meager and that award denying compensation was flagrantly against the evidence was fatally defective, since findings of fact by board are final in absence of fraud or mistake, if there is any relevant and competent evidence supporting findings.

2. Master and Servant.—Findings by Workmen's Compensation Board that employee suffered no injuries in accident other than what had been paid for under open agreement held supported by relevant and competent medical testimony, and such findings were final on circuit court.

SAMPSON & SAMPSON for appellant.

G. J. JARVIS for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellee was injured of the 2d day of April, 1925, while working in the mines of the appellant. There-

after he and the appellant entered into what is known as an "open agreement" regarding the workmen's compensation due him. By it the parties agreed on "the amount of compensation per week" which should be paid the appellee, but left the time during which he should be paid open. On May 8, 1925, appellee's attending physician certified that the appellee was able to return to work, whereupon the appellant ceased to pay him any more compensation under the open agreement mentioned above. The following August, the appellee, claiming that he was still suffering from the injuries he had received in the April accident, made application to the Compensation Board for an adjustment of his compensation. A hearing was held in that month, in which the appellee alone testified, although there were present a number of physicians who had treated him and who were available to him as witnesses. Nothing further was done in the matter until March, 1927, when both sides produced their proof. The appellee testified on this hearing that he was suffering with his eyesight, hearing, shoulder, and spine. The medical testimony he introduced tended to show a slight impairment in vision and hearing, but none of his doctors would definitely attribute this impairment to the accident of April, 1925. There was some evidence introduced by him to show an injury to his arm and spine, but here, too, his doctors would not definitely say that such injuries were due to the accident of April, 1925.

The appellant's testimony was to the effect that there was no injury to the appellee's shoulder or spine; that when examined in April, 1925, by a physician, no impairment of vision was discovered and what impairment of hearing this doctor did then discover was due to a scar tissue which could not have grown between the time of the accident and the examination, and which was to be attributed to some abscessed condition of the ear occurring long prior to the accident. The Compensation Board ruled that under the evidence the appellee had suffered no injuries in the April accident other than what he had been paid for under the open agreement, and dismissed his application. He thereupon appealed to the circuit court. In his petition for review and as grounds for a reversal of the award of the Compensation Board, he stated that he had been permanently injured by reason of the April accident, and had established his permanent injury by testimony before the Board, but that "in spite

of the meager testimony to the contrary introduced by the plaintiff (sic—undoubtedly means defendant) the said Workmen's Compensation Board did on the 7th day of July, 1927," dismiss his application, "which order is palpably against the evidence and is such as to indicate bias and prejudice and partiality" on the part of the Board. A demurrer filed to this petition for review was overruled, and then the court, after reviewing the evidence introduced before the Board, set aside the latter's award and gave the appellee a judgment for compensation for permanent injuries. From that judgment this appeal is prosecuted.

The demurrer to the petition for review should have been sustained. Section 4935 of the Statutes provides that the circuit court in its review of awards of the Workmen's Compensation Board is limited to determining whether or not (1) the Board acted without or in excess of its powers; (2) the order, decision, or award was procured by fraud; (3) the order, decision, or award is not in conformity to the provisions of this act; (4) if findings of fact are in issue, whether such findings of fact support the order, decision or award. The allegations of the petition for review fall far short of a charge that the award was procured by fraud. When analyzed it simply charges that the evidence of the appellant was very meager and the award flagrantly against the evidence heard. But it has been written time and again that if there is any relevant and competent evidence to support the findings of fact by the Board, such findings are final in the absence of a charge of fraud or mistake. There is no such charge here. Hence the petition for review was fatally defective.

Passing the petition, however, we find in the record relevant and competent testimony to support the findings of fact of the Board. Such findings were therefore final, for which reason the trial court was in error in setting aside the award of the Board and entering the judgment it did. Its judgment is therefore reversed, with instructions to reinstate the award of the Board.